IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT WAYNE NORTON, #599722**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:05-CV-2134-L** |
| | § | |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **Texas Dept. of Criminal Justice,** | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

This is a habeas case brought under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b) and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On August 8, 2006, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") were filed. Petitioner Norton filed Petitioner's Objections to the Magistrate Judge's Findings, Conclusions, and Recommendations ("Objections") on August 21, 2006. The magistrate judge found that the petition is barred by the one-year statute of limitations. After making an independent review of the pleadings, file and record in this case, the magistrate judge's Report, and Petitioner's Objections, the court determines that the findings and conclusions of the magistrate judge are correct. The magistrate judge's findings and conclusions are, therefore, **accepted** as those of the court. Accordingly, the court **overrules** Petitioner's Objections to the Magistrate Judge's Findings, Conclusions, and Recommendations; **denies** Norton's petition for the writ of habeas corpus; and **dismisses this action with prejudice** as time-barred.

**Memorandum Opinion and Order - Page 1**

## I. BACKGROUND

Petitioner Norton brings this writ to challenge his 1991 conviction for aggravated sexual assault, resulting in a sentence of fifty years confinement.  A brief overview of the other challenges Norton has brought over the past fifteen years and the relevant dates of judicial reviews will reveal why his latest petition is being denied as time-barred:

- Jan. 30, 1991  original offense date.
- Sept. 19, 1991  (first) conviction in state district court.
- Feb. 26, 1993  conviction reversed and new trial granted by the Fifth District Court of Appeals because of the prosecution's improper jury arguments.
- Dec. 21, 1993  (second) conviction in state district court.
- June 22, 1995  conviction affirmed by the Seventh District Court of Appeals.
- June 24, 1998  state application for writ of habeas corpus filed (no petition for discretionary review ("PDR") was ever filed).
- Feb. 23, 2000  permission to file an out-of-time appeal granted by the Court of Criminal appeals (effectively granting a PDR).
- Oct. 1, 2001  conviction affirmed by the Fifth District Court of Criminal Appeals.
- Feb. 20, 2002  (second) PDR refused.
- April 3, 2003  (second) state application for writ of habeas corpus filed.
- July 30, 2003  (second) writ denied by Court of Criminal Appeals.
- Oct. 27, 2005  current federal petition for writ of habeas corpus filed.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this petition because Norton filed it after the Act's effective date of April 24, 1996.  *See* Pub.L. 104-132, 100 Stat. 1214 (1996).  The AEDPA sets a one-year statute of limitations for federal habeas petitions.  The time limit begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

**Memorandum Opinion and Order - Page 2**

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). As the magistrate judge correctly concluded, the one-year statute of limitations under § 2244(d)(1)(A) started to run on July 24, 1995, the latest date on which Norton's conviction became final by the conclusion of direct review or the expiration of time for seeking direct review.[*] Norton suggests in his Objections that the limitations period should have been tolled because the Court of Criminal Appeals granted him permission to file an out-of-time appeal, which he followed up with a later-filed PDR and a state application for a writ of habeas corpus. The problem, however, is that the permission to file an out-of-time appeal did not issue until Feb. 23, 2000, nearly five years beyond the date Norton's conviction became final. In a situation where a petitioner "acquires the right to file an out-of-time appeal," the Fifth Circuit has held that such relief may toll the AEDPA's statute of limitations "until the date on which the court of Criminal Appeals declines to grant further relief, but it does not require a federal court to restart the running of AEDPA's limitations period altogether." *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004). Therefore, the statute of limitations for filing this federal petition for a writ of habeas corpus had already expired prior to Norton acquiring his right to file an out-of-time appeal, and no new tolling period restarted.

---

[*]The Seventh District Court of Appeals affirmed Norton's conviction on June 22, 1995. Texas Rules of Appellate Procedure 68.2 gives thirty days to seek a direct review, which put that deadline for Norton on July 24, 1995. He did not file a PDR or any other application for review until nearly three years later when he filed his first state application for a writ of habeas corpus on June 24, 1998.

**Memorandum Opinion and Order - Page 3**

Finally, Norton argues in his objections that he deserves some form of equitable tolling or remedy, because he has been denied the right to "pursue a meaningful appeal," including the right to present evidence of his past sexual relationship with the victim in his case. Petitioner's Objections at 1-3. The court finds these objections entirely misplaced. The Fifth Circuit recognizes a doctrine of "equitable tolling," but applies it only in "rare and exceptional cases" where the petitioner has proved he is entitled to such tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Here, Norton has already received the benefit of two trials, two appellate court reviews of his conviction (including one out-of-time right to appeal), and the denial of his state application for a writ of habeas corpus. The opinions from the Fifth District Court of Appeals granting Norton his new trial, and then subsequently affirming his conviction, both indicate that Norton had presented the evidence of his past sexual relationship with the victim that he now claims he was barred from presenting. *See Norton v. State*, 851 S.W.2d 341 (Tex. App.–Dallas 1993, writ ref'd); *Norton v. State*, No. 05-00-00642-CR (Tex. App.–Dallas, Oct. 1, 2001, pet. ref'd). In short, Norton has failed to show that his case is one of those "rare and exceptional cases" deserving of equitable tolling.

## III.  CONCLUSION

For the reasons stated herein, this court **overrules** Petitioner's Objections to the Magistrate Judge's Findings, Conclusions and Recommendations; **denies** Norton's petition for the writ of habeas corpus; and **dismisses this action with prejudice** as time-barred.

**It is so ordered** this 28th day of September, 2006.

Sam A. Lindsay
United States District Judge